IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN MOULTON,
    Petitioner,

v.

MARY SABOL,
    Respondent

CIVIL NO. 3:12-CV-0922

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

On May 17, 2012, Petitioner, Benjamin Moulton, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Custody Enforcement ("ICE") and requesting immediate release from custody and seeking a "preliminary and permanent injunction... enjoining respondents from further unlawful detention of petitioner." (Doc. 1).

On August 6, 2012, United States Magistrate Judge Thomas M. Blewitt issued an order to show cause, directing the Clerk of Court to serve the habeas petition on Respondent and directing Respondent to file a response to the habeas petition. (Doc. 2). Due to a clerical error, Respondent's attorney was not added to the docket and was not provided a copy of the show cause order until June 12, 2012. Therefore, Magistrate Judge Blewitt issued an order on June 12, 2012, allowing Respondent to file a response within 20 days of the date of that order. (Doc. 3). Respondent then filed her response to the habeas petition on July 2, 2012, arguing that Petitioner's detention was constitutional. (Doc. 4). Respondent asserts that Petitioner has not met his burden under Zadvydas because he failed to show that his removal will not be effectuated in the reasonably foreseeable future. (Doc. 4, pgs. 3-6) (citing Zadvydas v. Davis, 533 U.S. 678

1

(2001)). Further, Respondent claims that Petitioner received custody reviews while in ICE detention and his constitutional rights have not been violated. (Doc. 4, pgs. 6-7).

Petitioner filed a traverse on July 23, 2010. (Doc. 7).

On August 6, 2012, Magistrate Judge Blewitt issued a Report recommending that Petitioner's habeas petition, (Doc. 1), be denied. (Doc. 8). The Magistrate Judge concluded that Petitioner's detention is not unconstitutionally excessive and that his removal is likely in the reasonably foreseeable future. (Doc. 8). No objections have been filed.

Service of the R&R was attempted on Petitioner, but was unsuccessful. See (Doc. 9). On August 31, 2012, Respondent filed a notice of release, informing this Court that Petitioner was released from custody in August 2012. (Doc. 10).

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Petitioner, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in

whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

On August 20, 2012, a copy of the Report that had been mailed to Petitioner at the York County Prison was returned to the Court marked return to sender. See (Doc. 9). On August 31, 2012, Respondent informed this Court that Petitioner was released on an order of supervision from the York County Prison. See (Doc. 10, Exhibit 1). Considering these new developments, the habeas corpus petition is now moot. See DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.") (citations omitted).

Nevertheless, having reviewed the instant habeas petition, no error is discerned from the Report and Recommendation. The Magistrate Judge properly determined that there was no violation of Petitioner's rights under Zadvydas, 533 U.S. 678 (2001). The fact that Petitioner was released from custody further confirms the Magistrate Judge's finding that his continued detention was justified and Petitioner failed to meet his burden of proof.

Since Petitioner has already received the relief sought in the petition, namely release from custody, the habeas petition will be dismissed as moot. In light of Petitioner's release after the R&R was issued, the Magistrate Judge's recommendation will only be adopted in part.

Date: December 3, 2012

_____
**United States District Judge**

3